## MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District **Southern District of Florida** | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: **113-C 1:04-CR-20713** |
| Place of Confinement: **FCC, Coleman-Low** | | Prisoner No.: **71293-004** |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | **Darryl Repress** | |

### MOTION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

    **Southern District of Florida (Miami)**

    FILED BY _____ D.C.

    AUG 0 5 2013

    STEVEN M. LARIMORE
    CLERK U.S. DIST. CT.
    S.D. OF FLA. FT. LAUD.

    (b) Criminal docket or case number (if you know):  **113 C 1:04-CR-20713**

2. (a) Date of the judgment of conviction (if you know):  **May 6, 2005**

    (b) Date of sentencing:  **same as 2(a)**

3. Length of sentence:  **188 months**

4. Nature of crime (all counts):  **Possession of a Firearm by a Convicted Felon, 922(g)(1); 841(b), Possession of Cocaine; 841(g), Possession of Marijuana, and 924(a), Firearm Penalties**

5. (a) What was your plea? (Check one)

    (1) Not guilty ❏          (2) Guilty ☒          (3) Nolo contendere (no contest) ❏

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)          Jury ❏          Judge only ☒

Page 3

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?          Yes ❑          No XXX

8.  Did you appeal from the judgment of conviction?          Yes ❑          No XXX

9.  If you did appeal, answer the following:   No Appeal

    (a) Name of court:

    (b) Docket or case number (if you know):

    (c) Result:

    (d) Date of result (if you know):

    (e) Citation to the case (if you know):

    (f) Grounds raised:

    (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ❑

        If "Yes," answer the following:

        (1) Docket or case number (if you know):

        (2) Result:

        (3) Date of result (if you know):

        (4) Citation to the case (if you know):

        (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions,

    petitions, or applications concerning this judgment of conviction in any court?

        Yes ❑     No XXX

11. If your answer to Question 10 was "Yes," give the following information:   No

    (a) (1) Name of court:

        (2) Docket or case number (if you know):

        (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?    Yes ❑  No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ❑  No ❑

(2) Second petition:    Yes ❑  No ❑

Page 5(a)

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** **Counsel's Failure To File Direct Appeal As Requested, <u>Roe v. Flores-Ortega</u> (2000)**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant was sentenced on May 6, 2005, to 188 months of imprison-ment, and after sentencing, Movant asked Defense Counsel to file a Direct Appeal, for Movant was dissatisfied with the 188 months, as well as being sentenced under the ACCA, 924(e), enhancement. Movant advised Counsel file an appeal because he was not an Armed Career Criminal and did not have three state prior convictions to qualify for the enhancement penalty. Movant also asked Counsel to file a Direct Appeal because the PSI does not reflect or list any Chapter 4 Enhancements under the 4B1.4. The only reason for this ACCA enhancement is the fact that the PSI used 4B1.2(b) as a qualifying prior, under the ACCA, 924(e), Enhancement: Possession of a Firearm in Connection with a Con-trolled Substance, offense. Therefore, Counsel should have appealed the sentence of 188 months of imprisonment, 924(e), which is over the maximum penalty of 922(g)(1), Possession of a

**(See Continuation Page 5(b))**

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ☒XX

(2) If you did not raise this issue in your direct appeal, explain why: Counsel did not appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ☒XX

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Case 1:13-cv-22799-CMA Document 1 Entered on FLSD Docket 08/06/2013 Page 5 of 19

CONTINUATION PAGE

Ground One, Supporting Facts (continues):

Firearm by a Convicted Felon (PSI pg. 6, ¶ 16-17). Thompson v.
United States (11th Cir. 2007), defense counsel who disregards
specific instructions from the defendant to file a Notice of
Appeal, acts in a manner that is professionally unreasonable.  The
defense counsel's duties regarding appeals are strict.  If a defen-
dant instructs his counsel to file an appeal and the counsel does
not do so, "prejudice is presumed." Gomez-Diaz v. United States,
433 F.3d 788, 792 (11th Cir. 2005)(See Exhibits).

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:


GROUND TWO: **Alleyne v. United States (2013): Supreme Court Held That "Any Fact By Law Increases The Penalty For A Crime Is An 'Element' That Must Be Submitted To The Jury And Found Beyond A Reasonable Doubt."**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Movant pled guilty to Count One of four count indictment to Possession of a Firearm by a Convicted Felon, 922(g)(1), with a maximum penalty of 10 years imprisonment on 2/23/05 (Doc. 56). However, at sentencing the court sentenced Movant to 188 months of imprisonment under the ACCA, 924(e), for prior state convictions that was not submitted to the jury and/or proven beyond a reasonable doubt (5/6/05)(Doc. 62).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑   No ☒☒☒

(2) If you did not raise this issue in your direct appeal, explain why:  `Counsel did not appeal`

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑   No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

Page 8 (a)

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

GROUND THREE: <u>Descamps v. United States</u> (2013): Supreme Court Held, When A State Criminal Statute Contains But A Single Set Of Indisible "Elements", The Modified Categorical Approach Does Not Apply.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Here, the Movant was sentenced as an Armed Career Criminal (ACCA) to a sentence of 188 months of imprisonment under the 924(e) Enhancement Penalty. Even though Movant's PSI does not list the qualifying State prior convictions for the enhanced penalty. Even assuming that it uses any of the Movant's State prior convictions, the Modified Categorical Approach does not apply (Movant reviewed his PSI). Congress intended the ACCA language to show that sentencing courts "to look only to the fact that a defendant has been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." Id. 600. Under the ACCA, the sentencing courts finding of a predicate offense indisputably increases the maximum penalty. Accordingly, that finding would at least raise serious Sixth Amendment concerns if it went beyond merely identifying a State prior conviction. That is why <u>Shepard</u> refuses to permit (SEE Continuation Page, page 8(b))

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☒☒☒

(2) If you did not raise this issue in your direct appeal, explain why: Counsel did not appeal

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☐

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

2255 / Darryl Kepress, #71293-D04 / 113-C 1:04-CR-20713

<u>CONTINUATION PAGE</u>

Ground Three, Supporting Facts (continues):

sentencing courts to make a disputed determination about what facts must have supported a defendant's convictions under sudden statutes can, therefore, never constitute predicate offenses for an enhanced sentence under the Armed Career Criminal Act.

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    (b) **Direct Appeal of Ground Four:**

        (1) If you appealed from the judgment of conviction, did you raise this issue?

           Yes ❏  No ❏

        (2) If you did not raise this issue in your direct appeal, explain why:

   (c) **Post-Conviction Proceedings:**

        (1) Did you raise this issue in any post-conviction motion, petition, or application?

           Yes ❏  No ❏

        (2) If your answer to Question (c)(1) is "Yes," state:

        Type of motion or petition:

        Name and location of the court where the motion or petition was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

        (3) Did you receive a hearing on your motion, petition, or application?

           Yes ❏  No ❏

        (4) Did you appeal from the denial of your motion, petition, or application?

           Yes ❏  No ❏

        (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

           Yes ❏  No ❏

        (6) If your answer to Question (c)(4) is "Yes," state:

        Name and location of the court where the appeal was filed:

        Docket or case number (if you know):

        Date of the court's decision:

        Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:  None

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?    Yes ☐  No☒☒☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:  Orlando Do Campo

(b) At arraignment and plea:  Orlando Do Campo

(c) At trial:  Orlando Do Campo

(d) At sentencing:  Orlando Do Campo

13-cv-22799-Altonaga

(e) On appeal: Pro se

(f) In any post-conviction proceeding: Pro se

(g) On appeal from any ruling against you in a post-conviction proceeding: Pro se

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ❑ No XXX

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ❑ No XXX

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ❑     No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

GROUND ONE:   Timely under 2255(f)(4)

GROUND TWO:   Timely under 2255(f)(3)

GROUND THREE:   Timely under 2255(f)(3)

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: To GRANT a Direct Appeal andhold an Evidentiary Hearing on Ground One, and to GRANT Movant's **Alleyne** and **Descamps** Claims and RESENTENCE Movant to the maximum penalty of 10 years for 922(g)(1) and REMOVE the 924(e) Enhancement of 15 years mandatory minimum sentence. And any other relief this Court deems just.

N/A _____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on

(month, date, year).

Executed (signed) on 7-26-13 (date).

Signature of Movant          Pro Se
**Darryl Repress, #71293-004**

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.

REC'D by _____ D.C.

JUN 2 6 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

6/24/13

DEAR CLERK,

Would you Please Send Me A
APPLICATION FORM 28 U.S.C. 2255
SECTION. THANK YOU.

SENCERELY

Darryl Repress

DARRYL REPRESS # 71293-004
Federal Correctional Complex
P.O. Box 1031
Coleman, Fl 33521

U.S. COURT OF APPEALS

JUL 0 5 2013

Appellant Darrel Redress,
Pro Se Appellant

United States of America,
Appellee

Status of Direct Appeal:

Appellant Redress is requesting that this court will give status of his Direct Appeal that was filed after appellant sentencing hearing on June 2005 by appellant counsel Longo (AFPD), who was point this on the on appellant's Direct Appeal, at your earliest convienence.

Darrel Redress
Reg # 71333-004
Address Below
P.O. Box ___
Coleman, FL 335__

Owen R.

Dated by:
4-2-2013

# UNITED STATES COURT OF APPEAL

Eleventh Circuit
56 Forsyth St., NW
Atlanta, GA   30303

**John Ley**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

July 11, 2013

Mr. Darryl Repress
#71293-004
Federal Correctional Complex
P. O. Box 1031
Coleman, FL   33521

RE: Request for Status of Direct Appeal

Pursuant to your correspondence dated  July 2, 2013, requesting information regarding
your appeal to the 11th Circuit Court of Appeals, please be advised of the following:

- A search of this Court's database using your name and lower court case number,
  if provided, has yielded no appellate case name or number.

- A review of the U. S. District Court docket for the case provided in your letter
  indicates a notice of appeal was not filed.  (*See attached copy of the U. S. District
  Court docket sheet*)

Sincerely,

JOHN LEY, Clerk of Court

BY:   B. H. McConnell/Operations Section

enc.